**DeOrchis Wiener & Partners, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CP SHIPS USA LTD., LLC.,

                          Plaintiff,

       - against -

MARE BRITANNICUM
SCHIFFAHRTSGESELLSCHAFT MBH & CO.;
SCHLUESSEL REEDEREI KG (GmbH & Co); and
HANSA MARE GmbH KG.,

                          Defendants.
-------------------------------------------------------------X



JUDGE PATTERSON

07 CIV 3904

**VERIFIED COMPLAINT
AND RULE B ATTACHMENT**



RECEIVED
MAY 18 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff CP SHIPS USA LTD., LLC., ("CP Ships"), by its attorneys, De Orchis Wiener & Partners, LLP., as and for its Verified Complaint against Defendants MARE BRITANNICUM SCHIFFAHRTSGESELLSCHAFT MBH & CO.; SCHLUESSEL REEDEREI KG (GmbH & Co); and HANSA MARE GmbH KG., alleges upon information and belief, as follows:

    1.     This is an admiralty and maritime claim with the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

    2.     Venue is proper under 28 U.S.C. §§ 1391 (d) because Defendants MARE BRITANNICUM SCHIFFAHRTSGESELLSCHAFT MBH & CO.; SCHLUESSEL REEDEREI KG (GmbH & Co); and HANSA MARE GmbH KG., are aliens.

3. At and during all times hereinafter mentioned, Plaintiff CP Ships was, at all times relevant, a corporation organized and existing under and by virtue of the laws of one of the United States, with a principal place of business located at 401 East Jackson Street, Suite 3300, Tampa, Florida 33602. CP Ships, at all times hereinafter mentioned, was engaged in the business of owning and/or operating vessels for profit in world wide trade and was at all times relevant the parent of and is now the successor of TMM Lines Limited, LLC. and Lykes Lines Limited, LLC.

4. Upon information and belief, Defendant MARE BRITANNICUM SCHIFFAHRTSGESELLSCHAFT MBH & CO. is a corporation or other business entity incorporated under the laws of Germany or some other foreign country, with an office and place of business located at 58-60 Am Wall, Bremen, Germany. Defendant MARE BRITANNICUM SCHIFFAHRTSGESELLSCHAFT MBH & CO., at all times hereinafter mentioned, was engaged in the business of owning and/or operating ocean going vessels and was the owner of the APL PANAMA (formerly known as the MARE BRITANNICUM and now known as the APL KAOSHIUNG, referred to hereinafter as "APL PANAMA").

5. Upon information and belief, defendant SCHLUESSEL REEDEREI KG (GmbH & Co), is a corporation or other business entity incorporated under the laws of Germany, or some other foreign country, with an office and place of business located at 58-60 Am Wall, Bremen, Germany. Defendant SCHLUESSEL REEDEREI KG (GmbH & Co), at all times hereinafter mentioned, was engaged in the business of owning and/or operating and/or managing ocean going vessels and was the owner and/or operator and/or manager of the APL PANAMA.

6. Upon information and belief, defendant HANSA MARE GmbH KG., is a corporation or other business entity incorporated under the laws of Germany, or some other foreign country, with an office and place of business located at 58-60 Am Wall, Bremen, Germany. Defendant HANSA MARE GmbH KG., at all times hereinafter mentioned, was engaged in the business of owning and/or operating and/or managing ocean going vessels and was the owner and/or operator and/or manager of the APL PANAMA.

7. Plaintiff CP Ships, through its subsidiary companies TMM Lines, Ltd., LLC. and Lykes Lines Ltd., LLC., entered into a slot charter party contract, dated on or about March 13, 2003 with APL Co., Pte., Ltd. and American President Lines, LLC. (referred to hereinafter collectively as "APL"), by which the parties thereto agreed to provide space for the carriage of containerized cargo on board ships owned and/or operated by each other. The APL PANAMA was listed in that contract as one of the two vessels to be supplied by APL. APL does not own the APL PANAMA, but chartered it from its owners, the defendants, it is believed, by a long term time charter, under which the owners of the APL PANAMA remained responsible to crew and operate the vessel, at the direction of APL.

8. Pursuant to the slot charter party contract, the APL PANAMA was ordered to the port of Ensenada, Mexico, where it ran aground on December 25, 2005 in good sea and weather conditions, while the vessel and her Master were awaiting the services of a port pilot to enter harbor. The vessel ran aground, through no fault of plaintiff.

9. As a result of the APL PANAMA running aground, the defendant owners of the vessel, entered into a Lloyds salvage contract to have the vessel re-floated and placed back into service. After several attempts, the vessel was re-floated on March 8, 2006 and redelivered

from the salvors to defendant owners on or about March 12, 2006. A Lloyds salvage arbitrator was subsequently appointed under the salvage contract to determine salvage remuneration payable to Salvors

10. The grounding of the APL PANAMA was not the result of any act or failure to act on the part of plaintiff but was the result of the negligence and/or breach of contract of defendants and/or their officers and crew.

11. The defendant owners declared a general average under which an average adjuster was appointed to calculate and collect general average and salvage security from the parties to the maritime transaction: the owners of the vessel, the owners of cargo on board the vessel and from the slot charter signatories, who had their own cargo containers on board the vessel, loaded with cargo belonging to third-party cargo owners.

12. Plaintiff has paid in excess of US$338,900 to Salvors as an interim payment to Salvors of the vessel under an interim Award by the salvage arbitrator in relation to salvage remuneration. Plaintiff expects that it will have to pay a total sum of at least US$800,000.00 as nearly as can be presently ascertained, by way of general average and salvage expenses, for its own property on board the vessel. In addition, plaintiff has been placed on notice by the owners and/or insurers of cargo being carried on board the APL PANAMA, under TMM Lines and Lykes Lines bills of lading, that said cargo interests will seek recovery of salvage and general average contributions from plaintiffs in the amount, as near as may now be estimated, of US$24,000,000.00.

13. Plaintiff has fulfilled all conditions precedent.

4

## APPLICATION FOR ISSUANCE
## OF A RULE B ATTACHMENT

14. Each and every one of the foregoing allegations is incorporated herein by reference and reasserted as though fully set forth at length.

15. The defendants MARE BRITANNICUM SCHIFFAHRTSGESELLSCHAFT MBH & CO.; SCHLUESSEL REEDEREI KG (GmbH & Co); and HANSA MARE GmbH KG., cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, defendants have, or will have during the pendency of this action, assets within this District and subjects to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, The Clearing House Interbank Payments System LLC, The New York Clearing House Association LLC, and/or Standard Chartered Bank, which are believed to be due and owing to the defendants.

16. The Plaintiff seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any assets of each of the defendants, MARE BRITANNICUM SCHIFFAHRTSGESELLSCHAFT MBH & CO.; SCHLUESSEL REEDEREI KG (GmbH & Co); and HANSA MARE GmbH KG., held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the defendants, and to secure and/or satisfy the plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against the defendants MARE BRITANNICUM SCHIFFAHRTSGESELLSCHAFT MBH & CO.; SCHLUESSEL REEDEREI KG (GmbH & Co); and HANSA MARE GmbH KG., citing each to appear and answer under oath all and singular the matters alleged in the Complaint;

B.   That since the defendants MARE BRITANNICUM SCHIFFAHRTSGESELLSCHAFT MBH & CO.; SCHLUESSEL REEDEREI KG (GmbH & Co); and HANSA MARE GmbH KG., cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, The Clearing House Interbank Payments System LLC, The New York Clearing House Association LLC, and/or Standard Chartered Bank, which are believed to be due and owing to the defendants, MARE BRITANNICUM SCHIFFAHRTSGESELLSCHAFT MBH & CO.; SCHLUESSEL REEDEREI KG (GmbH & Co); and HANSA MARE GmbH KG., in the amount of US$800,000.00 to satisfy and/or secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.  That the plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       May 16, 2007

                                      DEORCHIS WIENER & PARTNERS, LLP
                                      *Attorneys for Plaintiff*

By: _____
      John A. Orzel (JO-2420)
      61 Broadway, 26th Floor
      New York, New York 10006-2802
      (212) 344-4700
      Our File: 2297-3

## VERIFICATION

John A. Orzel declares and states that he is a partner in the law firm of DeOrchis, Wiener & Partners, LLP, attorneys for plaintiff in this action, and that the foregoing Verified Complaint is true to his knowledge, except as to matters therein stated on the information and belief and as to those matters, he believes them to be true; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him to by Plaintiff; that the reason why the Verification is not made by plaintiff is that plaintiff is a corporation whose principal place of business is outside the New York County, and that he is authorized to so verify.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2007

_____
John A. Orzel